UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.,<br><br>Defendants. | C.A. No. 07-201/S |

**PLAINTIFF'S REQUEST FOR AN EMERGENCY HEARING TO DETERMINE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiff DD IP Holder, LLC ("Dunkin'") hereby requests an Emergency Hearing by this Court to determine Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction filed with this Court on May 30, 2007.

As grounds, Dunkin' states the following:

1. On May 31, 2007, this Court held a conference in chambers with undersigned counsel representing Dunkin' and Defendant Karl Aughinbaugh in attendance.

2. Although the Court did not enter an Order, the Court instructed Mr. Aughinbaugh to do the following:

   a. Remove all large signs advertising Dunkin' Donuts.

   b. Post a disclaimer stating that the premises is not an authorized Dunkin' Donuts franchisee next to the signs stating "Dunkin' Donuts" on the gas pump islands and coffee pots.

   c. Remove all napkins, cups, sugar, tea bags, mugs, etc. that state "Dunkin' Donuts".

d. Provide undersigned counsel with the contact information for the Stickneys by noon on June 1, 2007.

3. Over the objection of counsel for Dunkin', the Court authorized the continuing display of Dunkin' Donuts trademarks on gas station pump islands and coffee pots located within and outside the Shell gas station operated by Defendants. To the passing public and all who enter upon Defendants' premises, the display of Dunkin' Donuts trademarks by Defendants makes it appear that Defendants are authorized to display such marks when they are not; attracts customers to Defendants' business premises on the strength of the Dunkin' Donuts marks when Defendant have no affiliation with Dunkin'; and damages the relationships between Dunkin' and its authorized franchisees who pay royalties for the privilege of operating Dunkin' Donuts franchises, and must adhere to Dunkin' standards, when Defendants do neither. With all due respect to the Court, its permission, even on a temporary basis, for Defendants to display Dunkin' Donuts marks legitimizes Defendants' brazen theft of intellectual property.

4. As of Friday, June 1, 2007, at 1:15 p.m., undersigned counsel visited Defendants' gas station and observed that Defendants did not place disclaimers on the gas pump islands or the coffee pots, did not remove the Dunkin' Donuts cups, did not remove all of the large Dunkin' Donuts signs, and did not removed the Dunkin' Donuts mugs. This conduct violates the Court's instructions to Mr. Aughinbaugh.

5. As of Monday, June 4, 2007, at 12:15 p.m., undersigned counsel visited Defendants' gas station and observed that although Defendants placed disclaimers on the gas pump islands and the coffee pots, the disclaimers are very small compared to the signs on the gas pump islands and the coffee pots and the disclaimers contain lettering which is in much smaller font size than the lettering on the signs. As a result, the disclaimers are nearly impossible to read unless one is extremely close to the disclaimers whereas the signs are very visible from a distance. Additionally, Defendants have not removed the Dunkin' Donuts cups, have not removed all of the large Dunkin' Donuts signs, and have not removed the Dunkin' Donuts mugs. This conduct violates the Court's instructions to Mr. Aughinbaugh.

6. Moreover, Mr. Aughinbaugh has refused to provide undersigned counsel with the contact information for the Stickneys as instructed by the Court. Mr. Aughinbaugh has also represented to undersigned counsel that Cathy Stickney has specifically told him not to release her contact information to undersigned counsel. This refusal violates the Court's instructions to Mr. Aughinbaugh.

7. Although Mr. Aughinbaugh told undersigned counsel that the corporate name of the Shell franchisee is Sherwood Enterprises, this is incorrect. In fact, the Rhode Island Secretary of State does not identify Sherwood Enterprises as an existing corporation. This misinformation violates the Court's instructions to Mr. Aughinbaugh.

8. The Court scheduled a hearing date of June 19, 2007, for the pending Motion. This long delay is not acceptable to Dunkin' while Defendants continue to use Dunkin's trademarks, trade dress, service marks, and trade names at the Shell gasoline station franchise located at 10 Ten Rod Road, North Kingstown, Rhode Island. Dunkin' is also concerned that Defendants are deliberately preventing Dunkin' from identifying the corporate name of the franchisee and preventing Dunkin' from completing service of process on other defendants while Defendants continue to use Dunkin's trademarks, trade dress, service marks, and trade names to further their commercial establishment.

Accordingly, Dunkin' requests an Emergency Hearing by this Court to determine Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction filed with this Court on May 30, 2007. Dunkin' further requests that the hearing be held no later than Tuesday, June 5, 2007, or as soon as the Court can schedule it, and that the hearing be on the record with an Order issued by the Court concerning the pending Motion.

Plaintiff,
DD IP HOLDER, LLC
By its attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: June 4, 2007

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the within Request to be hand-delivered to Mr. Karl Aughinbaugh, 10 Ten Rod Road, North Kingstown, Rhode Island, on this 4th day of June, 2007.

/s/ Jeffrey S. Brenner