UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.,<br><br>Defendants. | ) | C.A. No. 07-201/S |

**PLAINTIFF'S RESPONSE TO LETTER BY DEFENDANT KARL AUGHINBAUGH**

Plaintiff DD IP Holder, LLC ("Dunkin'") hereby responds to a letter that Defendant Karl Aughinbaugh ("Mr. Aughinbaugh") sent to the Court via fax on June 6, 2007 ("Defendant's Letter"). As a preliminary matter, Mr. Aughinbaugh did not send a copy to Dunkin', but the Court provided a copy to Dunkin'. Although the Court has already denied the requested continuance of the hearing on June 8, 2007, there are several misstatements and false accusations contained in Defendant's Letter to which Dunkin' and counsel are compelled to respond before the hearing.

First, Defendant's Letter asserts that counsel improperly called Mr. Aughinbaugh on Friday, June 1, 2007. This is not accurate. During the chambers conference with the Court on Thursday, May 31, 2007, in response to Mr. Aughinbaugh's contention that Dunkin's employees and franchisees were harassing him, the Court instructed the parties that Mr. Aughinbaugh should speak directly with counsel on behalf of Dunkin' and that Dunkin' should not send its employees to the gas station. The Court also instructed Mr. Aughinbaugh to provide counsel with the contact information for the Stickneys by the following morning, which he did not. When counsel later called Mr. Aughinbaugh to ask for the Stickneys' contact information, Mr. Aughinbaugh told counsel he would not provide the Stickneys' contact information on

instruction from Cathy Stickney. Counsel denies telling Mr. Aughinbaugh that he did not have to follow the Court's instructions. In fact, counsel repeatedly has asked Mr. Aughinbaugh to obtain counsel so that he would be in a position to understand Dunkin's allegations in this case and to understand and follow the Court's instructions.

Second, later that morning, Cathy Stickney called counsel's office. Ms. Stickney left a message with counsel's secretary that all communication with her must go through Mr. Aughinbaugh. Counsel's secretary transferred the call, but no one was on the line when counsel picked up the phone. Ms. Stickney never called back. It is unknown why the call was disconnected.

Third, neither Dunkin' nor counsel has knowledge of who allegedly entered the gas station at 11:30 a.m. as asserted in paragraph 6 of Defendant's Letter. Counsel did not visit the store that day until 1:15 p.m. as set forth in Dunkin's Request for Emergency Hearing. When Mr. Aughinbaugh called counsel later that day at 3:45 p.m. (not 2:00 p.m.), counsel did not tell him that the Court's instructions "mean nothing." In fact, because Mr. Aughinbaugh had not removed Dunkin' Donuts branded cups as instructed by the Court, counsel asked him why he had not.

Fourth, Dunkin's David Wilson will attend the hearing on June 8, 2007. He is expected to testify that he did not at any time tell Mr. Aughinbaugh that he could display or sell Dunkin' Donuts branded mugs. Additionally, Mr. Wilson will testify that Defendant contacted him directly.

Fifth, with respect to service of process upon Cathy Stickney, as set forth in the return of service filed with the Court, a licensed constable served Ms. Stickney by leaving a summons and a copy of the Complaint with her live-in boyfriend who said he already knew about the case. Counsel denies making the statement attributed to him by Mr. Aughinbaugh regarding the constable who served Ms. Stickney.

Finally, Defendant's Letter, asserts that counsel told Mr. Aughinbaugh to give counsel hard drives and surveillance tapes so that they could be brought to Court for him. This is

absolutely not true. In every conversation with Mr. Aughinbaugh, he has told counsel that he is taping the conversation and has videotape of various actions by Dunkin' employees, franchisees, and counsel at the station. Counsel merely told Mr. Aughinbaugh that he should bring to Court whatever he has that he believes is helpful to his defense to Dunkin's claims.

Plaintiff,
DD IP HOLDER, LLC
By its attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: June 7, 2007

CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the within Response to Mr. Karl Aughinbaugh, Shell Food Mart, 10 Ten Rod Road, North Kingstown, Rhode Island, and e-mailed to kauggy@aaahawk.com, on this 7th day of June, 2007.

/s/ Jeffrey S. Brenner