UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DD IP HOLDER LLC,

Plaintiff,

v.

SHERWOOD "EARL" STICKNEY,
CATHY STICKNEY,
KARL "AUGGY" AUGHINBAUGH, AND
SHERWOOD'S ENTERPRISES, INC.,

Defendants.

C/A No. 07-201/S

**RESPONSE TO COMPLAINT**
**FOR INJUNCTIVE RELEIF, TRADEMARK INFRINGEMENT,**
**TRADEMARK DILUTION AND UNFAIR COMPETITION**

---

Defendants Sherwood "Earl" Stickney, Cathy Stickney, and Sherwood's Enterprises, Inc. have not been served a copy of this complaint by the plaintiffs. Defendant Karl "Auggy" Aughinbaugh, as the sole defendant served with the complaint, repugns plaintiff's complaint for Injunctive Relief, Trademark Infringement, Trademark Dilution and Unfair Competition, paragraph by paragraph, as follows:

1. I dispute the use of "illegally and unlawfully using and diluting" in this statement.

2. I do not dispute this statement.

3. Defendants Cathy Stickney and Earl Stickney are both residents of Rhode Island.

4. Sherwood's Enterprises, Inc. is a Rhode Island Corporation incorporated in 1976. Sherwood's Enterprises, Inc. owns the Shell Food Mart at 10 Ten Rod Road in North Kingstown, RI.

5. I do not dispute this statement.

6. I do not dispute this statement.

7. I maintain that I am not using Dunkin's marks illegally, nor am I operating a Dunkin' Donuts location.

8. I do not dispute this statement.

9. I do not dispute this statement.

10. I do not dispute this statement.

11. I do not dispute this statement.

12. I do not dispute this statement.

13. I do not dispute this statement.

14. I do not dispute this statement.

15. I do not dispute this statement.

16. I do not dispute this statement.

17. I do not dispute this statement.

18. I dispute this statement. I maintain that consent is implied by their sale of the product to me at retail and that consent is not required to advertise to the public that my coffee is brewed using their coffee. I would also like to point out that we have never purported to be a Dunkin' Donuts franchise

19. I do not dispute this statement.

20. The colors mentioned in the complaint are not owned by Dunkin Donuts. True, they are similar, but they are not a true representation of Dunkin' Donuts' colors, nor are they meant to be.

21. I do not dispute this statement. I would like to add that the cups, napkins, straws, et cetera were provided to me by the retail locations from which I purchased the Dunkin' Donuts coffee beans.

22. I do not dispute this statement. I would like to add that Messrs. Wilson and Jay were also directed to read my disclaimer (Exhibit A.) when they asked if we were a Dunkin Donuts franchise. I also asked them to tell me if there was anything I could do to improve the quality of my coffee, or if there was anything I was doing wrong. I also mentioned that if there were any reasonable changes they would like made, I would consider them. They did not respond, except to say that what I was doing was illegal.

23. The goods sold at the Shell station are not materially different from the goods I purchased at retail. I purchase the Dunkin' Donuts coffee grounds in one pound bag form and finish them according to the instructions on the side of the bag. Dunkin's established standards for finishing the product are clearly stated on the side of the bag. I even use Spring Water, as Dunkin' recommends this for best results. By following Dunkin' Donuts instructions to the letter, I am subject to Dunkin Donut's established quality standards.

24. Had Messrs. Wilson and Jay not interfered with my dialog with the customer, I would have told him that we are not a Dunkin' Donuts franchise and explained that we brew our coffee using Dunkin' Donuts coffee.

25. I do not dispute this statement.

26. I do not dispute this statement. Dunkin' Donuts has represented in legal proceedings since the filing of this complaint that they do not challenge the legality of my brewing their coffee, only the advertising of this fact.

27. I do not dispute this statement.

28. As expressed in my response to point 22 of the complaint, had Dunkin' Donuts told me what reasonable changes they wanted me to make I would have entertained their suggestions. They did not do this.

29. I do not dispute this statement.

30. I do not dispute this statement.

31. I am not marketing my coffee area as a Dunkin Donuts shop. I am trying to advertise the fact that I sell coffee brewed with Dunkin' Donuts coffee and Spring Water. I am not trying to confuse the public; I am advertising the Brand Name of the coffee that I brew.

32. I do not dispute this statement.

33. I dispute this statement. I do not misrepresent the origin of my coffee, nor do I mislead any of my customers in any way. If they are confused in any way, I explain the facts. I was utilizing the Dunkin' marks in addition to the words "brewed with" and "Spring Water" to explain the origin of the chief ingredients in my coffee. As Dunkin' Donuts coffee is exactly what I am brewing, I don't see how it is illegal to tell the public this is so, with or without using Dunkin' marks.

34. I do not dispute this statement.

35. I dispute this statement. By finishing the product according to Dunkin' Donuts instructions, my product is not necessarily materially different from Dunkin' Donuts' coffee. I should be allowed to advertise it as such.

36. I dispute this statement. It is not my intention to be malicious or fraudulent. I do not feel that I have violated the Lanham Act.

37. I dispute this statement. Not only is Dunkin' Donuts not harmed by my actions, they gain from them. I am purchasing their product at retail.

They gain financially from this. I am brewing their coffee by following their instructions, and am using Spring Water; employing the highest standards possible to ensure that their good name is not tarnished by my actions.

38. I do not dispute this statement. I would like to add that a remedy by law may not be necessary. I have repeatedly asked Dunkin' Donuts to suggest reasonable changes for me to implement. When Messrs. Wilson and counsel suggested I change the size of the fonts used on my newest sign design on June 14, 2007, their changes were implemented within 24 hours on all of my signs.

39. I dispute this statement in its entirety. I do not purport to be a Dunkin' Donuts shop, nor do I purport to be a Dunkin' Donuts franchise. My sole intent is to advise and advertise to the public that our coffee is brewed using the plaintiff's coffee and Spring Water.

40. I do not dispute this statement.

41. I do not feel that I am wrongfully using the Dunkin' marks. Also, by purchasing their products at retail, I have paid royalty fees. As Dunkin' franchisees' report their gross sales to Dunkin' Donuts and pay their royalty fees as a percentage of this figure, and as my purchases are included in these gross sales, I have paid royalty fees, albeit indirectly.

42. I dispute this statement. Payment was made at the time I purchased their products at retail.

43. I dispute this statement in its entirety. I do not purport to be a Dunkin' Donuts shop, nor do I purport to be a Dunkin' Donuts franchise. My sole intent is to advise and advertise to the public that our coffee is brewed using the plaintiff's coffee and Spring Water.

44. I do not dispute this statement.

45. I dispute this statement in its entirety. I do not purport to be a Dunkin' Donuts shop, nor do I purport to be a Dunkin' Donuts franchise. My sole intent is to advise and advertise to the public that our coffee is brewed using the plaintiff's coffee and Spring Water. After a cursory review of the statute, I actually found may be illegal not to advertise the brand name of the coffee grounds, as § 6-13.1-1 ¶ 6-xvi of the Rhode Island General Laws defines unfair methods of competition and unfair or deceptive acts or practices as; "Failure to include the brand name and or manufacturer of goods in any advertisement of the goods for sale."

6/18/2007