UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.,<br><br>Defendants. | ) | C.A. No. 07-201/S |

**PLAINTIFF'S MOTION TO COMPEL ERADICATION OF ITS MARKS FROM DEFENDANTS' GAS STATION AND TO COMPEL THEIR COMPLIANCE WITH THE COURT'S ORDER OF JUNE 12, 2007**

Plaintiff DD IP Holder, LLC ("Dunkin'") hereby moves to Compel Eradication of its Marks from Defendants' Gas Station and to Compel their Compliance with the Court's Order of June 12, 2007, for the reasons set forth in the attached Memorandum.

Plaintiff,
DD IP HOLDER, LLC
By its attorney,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: June 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the within Motion to be hand-delivered to Mr. Karl Aughinbaugh, 10 Ten Rod Road, North Kingstown, RI 02852; Mr. Sherwood E. Stickney, 329 Hoghouse Hill Road, Exeter, RI 02822; and Ms. Cathy Stickney, 382 Ten Rod Road, North Kingstown, RI 02852 on this 29th day of June, 2007.

/s/ Jeffrey S. Brenner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.,<br><br>Defendants. | C.A. No. 07-201/S |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ERADICATION OF ITS MARKS FROM DEFENDANTS' GAS STATION AND TO COMPEL THEIR COMPLIANCE WITH THE COURT'S ORDER OF JUNE 12, 2007 AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S REQUEST FOR AN EXPEDITED HEARING**

Plaintiff DD IP Holder, LLC ("Dunkin'") has filed a Motion to Compel Eradication of its Marks from Defendants' Gas Station and to Compel Their Compliance with the Court's Order of June 12, 2007, and a Request for an Expedited Hearing concerning the Motion to Compel for the reasons set forth below.

1. This Court issued a Memorandum and Order on June 12, 2007, in response to Dunkin's Motion for a Temporary Restraining Order and/or Preliminary Injunction (the "Order").

2. Dunkin' caused the Order to be served upon Defendant Karl Aughinbaugh, Defendant Earl Stickney, and Defendant Cathy Stickney via hand delivery by a constable on Tuesday, June 12, 2007. They had each previously been served with original process on May 30, June 6, and June 5, respectively.

3. As explained below, Defendants have not complied with the Order. They have also refused to sign a Stipulation presented to them in Magistrate Judge Lovegreen's Settlement Conference that would have resolved this matter without Defendants being required to reimburse

Dunkin' for its attorneys' fees, account for profits, and compensate Dunkin' for its damages which are available to Dunkin' under the applicable law.

4. "Dunkin' Donuts" is one of the most famous brands in commerce, and signifies a level of product quality, and related service, second to none. Franchisees pay for the right to represent Dunkin' Donuts in the marketplace, and third-party retailers, including Shell Oil, pay for the right to offer Dunkin' Donuts branded goods and products in their gas stations.

5. For almost a month, Defendant Aughinbaugh, who admittedly operates the Shell gas station at 10 Ten Rod Road, North Kingstown, Rhode Island (the "Gas Station"), on behalf of the Stickney Defendants, has been a third-party infringer on Dunkin' Donuts' marks, seeking to publicize the Gas Station by display of Dunkin' Donuts marks in ways that bring attention to him and the Gas Station -- aquarium tanks filled with Dunkin' Donuts coffee bags, scarecrows festooned with Dunkin' Donuts cups and mugs, signs on pumps offering "DUNKIN' DONUTS" coffee for sale in super-size script, and extensive posting of Cystic Fibrosis fund raising posters for a Dunkin' Donuts fund-raising solicitation by authorized Dunkin' Donuts franchisees, and most recently, the stacking of approximately six dozen bags of branded Dunkin' Donuts coffee on display shelving at the entrance to the Gas Station and visible from outside the Gas Station.

6. Despite the efforts by the Court, Defendant Aughinbaugh remains without representation by counsel, and the Stickney Defendants, despite service, have not filed an answer. Defendant Aughinbaugh has failed and refused to obey the Court's Order (first delivered verbally in open court and then by its Memorandum) to remove Dunkin' Donuts marks from the Gas Station, and because he is obdurate in his refusal, Dunkin's counsel (as well as Magistrate Judge Lovegreen) has been unable to reason with him.

7. For example, the day following service on him of the Court's Order, Defendant Aughinbaugh placed a large aquarium outside the Gas Station filled with Dunkin' Donuts mugs and bagged coffee, a scare-crow figure on the station's front wall holding Dunkin' Donuts mugs and cups, multiple signs on the fuel pump islands prominently advertising "DUNKIN' DONUTS", multiple signs on the inside of the convenience store visible from the outside

advertising "DUNKIN' DONUTS", and stickers on all cups advertising "DUNKIN' DONUTS". The only purpose of these displays of Dunkin' Donuts marks was to bring attention to Defendants' Gas Station through the theft of marks which they have no right to display.

8. Attached at Exhibit 1 are color copies of pictures taken at the Shell Station on Wednesday, June 13, 2007. Attached at Exhibit 2 are color copies of pictures taken at the Shell Station on Thursday, June 14, 2007. Attached at Exhibit 3 are color copies of pictures taken at the Shell Station on Friday, June 15, 2007. The pictures have been taken by either Dunkin' employees or employees of Motiva Enterprises, the lessor of the Gas Station and an affiliate of Shell Oil, and which itself has issued a notice of lease termination to Defendants Stickney and Sherwood Enterprises, Inc. for their violations of lease terms. Attached at Exhibit 4 is a copy of the Shell Oil notice of lease termination. Incomprehensibly, Defendants are placing at risk their entire business operation through their defiance of the Court's Order.

9. Dunkin' has been required to police Defendants' compliance on a regular basis. Literally, on each occasion that Dunkin' Donuts representatives have visited the Gas Station from June 12 – 27, 2007, some new infringement exists and some old infringements still appear, despite Dunkin's complaints to Defendant Aughinbaugh.

10. Attached at Exhibit 5 are color copies of pictures taken at the Gas Station on Wednesday, June 27, 2007. These pictures depict the prominent and large scale display of the "Dunkin' Donuts" name inside the store, which is visible throughout the store as well as from outside the store. Defendants now have placed a shelving unit at the front of the store where customers enter (and is visible from outside the store) which holds as its only offering approximately six (6) dozen bags of Dunkin' Donuts branded coffee. This display is effectively a large sign that leads customers and potential customers to believe that the Gas Station has an affiliation with, and is sponsored by, Dunkin', and is designed to attract attention to Defendants' business through misappropriation of Dunkin's marks.

11. At the Court's urging, Dunkin' has tried to reason with Defendant Aughinbaugh to no avail. The Stickneys have not responded to the Complaint, and Defendant Aughinbaugh

has either demonstrated no capacity, or misrepresented his capacity, to understand the proceedings. Instead, Defendant Aughinbaugh has attempted to extort financial concessions from Dunkin' Donuts and inexplicably from Shell Oil as well. As a price for eradicating all Dunkin' Donuts' marks from the Gas Station, and no longer offering Dunkin' Donuts branded product, Defendant Aughinbaugh has demanded payment of millions of dollars to him and the Stickneys, and has gone so far as to give Dunkin's counsel wire instructions to place the funds in two separate accounts.

12. Dunkin' has waited patiently (although with difficulty) for the Court process to wind to a conclusion, but Defendants show no regard for the process.

13. Defendants' insistence that they be permitted to use Dunkin's marks has no basis in law or fact.

14. Defendants' insistence that they be permitted to re-sell Dunkin' Donuts branded goods (including coffee mugs, bagged coffee, and hats) causes confusion with other Shell retailers with legitimate, authorized relationships with Dunkin', and threatens to disrupt those relationships. Attached at Exhibit 6 is a copy of a report prepared by Dunkin' Loss Prevention Manager Patrick Finnegan who interviewed customers of the Gas Station who purchased coffee on Tuesday, June 19, 2007, from 12:30 p.m. – 3:05 p.m. This report confirms that customers patronizing the Gas Station believe that the Gas Station is an authorized Dunkin' Donuts location. As explained in the report, Customer #2's responses were coached by a long conversation with the cashier (believed to be Defendant Aughinbaugh's son) before answering the survey. Otherwise, the other customers purchasing coffee believed that the Gas Station was an authorized Dunkin' Donuts location.

15. Defendants' insistence that they be permitted to sell coffee that they make from Dunkin' Donuts beans or grind, along with other branded Dunkin' paraphernalia, while advertising its source to the public, causes customer confusion with authorized Dunkin' Donuts franchisees.

16. Defendants' sale of brewed coffee with any use or association of marks belonging to Dunkin' Donuts suggests that Defendants' coffee is made subject to Dunkin' Donuts standards and quality control, which is a false claim.

17. Dunkin' Donuts' intellectual property is the lifeblood of its system, and of the economic lives of its thousands of authorized franchisees, including its authorized owner/operators of Dunkin' Donuts franchised businesses in Rhode Island. Defendants' actions amount to wrongful misappropriation of property that is not theirs to take, and their demands for millions of dollars wired to bank accounts reveals their true intentions.

18. Defendants do not need to use the "Dunkin' Donuts" name to sell coffee. Their blatant use of Dunkin's name in association with their rampant use of Dunkin' marks is designed to attract attention to Defendants' business.

19. Defendants have added new infringements (e.g., aquarium and Cystic Fibrosis Foundation collection posters) in an attempt to circumvent the Order. Even though some of these infringements have been subsequently removed after Dunkin' complaints, Defendant Aughinbaugh has threatened to continue to devise "creative" (Defendant Aughinbaugh's description) ways to infringe upon the Dunkin' Donuts name.

Accordingly, Dunkin' respectfully requests an Order compelling Defendants to comply with the Court's Order, including to immediately cease any display of any trademark, trade dress, sign, or slogan belonging to Dunkin', the name "Dunkin' Donuts", and in conjunction therewith, immediately cease the offer for sale of products bearing Dunkin's trademarks, trade dress, signs or slogans, all under penalty of contempt for non-compliance.

Plaintiff,
DD IP HOLDER, LLC
By its attorney,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: June 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the within Memorandum to be hand-delivered to Mr. Karl Aughinbaugh, 10 Ten Rod Road, North Kingstown, RI 02852; Mr. Sherwood E. Stickney, 329 Hoghouse Hill Road, Exeter, RI 02822; and Ms. Cathy Stickney, 382 Ten Rod Road, North Kingstown, RI 02852 on this 29th day of June, 2007.

/s/ Jeffrey S. Brenner