UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DD IP HOLDER LLC,<br><br>Plaintiff,<br><br>v.<br><br>SHERWOOD "EARL" STICKNEY,<br>CATHY STICKNEY,<br>KARL "AUGGY" AUGHINBAUGH, AND<br>SHERWOOD'S ENTERPRISES, INC.,<br><br>Defendants. | C/A No. 07-201/S |

**RESPONSE TO COMPLAINT**

**FOR INJUNCTIVE RELEIF, TRADEMARK INFRINGEMENT,**

**TRADEMARK DILUTION AND UNFAIR COMPETITION**

---

Defendants Sherwood "Earl" Stickney, Cathy Stickney, and Sherwood's Enterprises, Inc. repugn plaintiff's complaint for Injunctive Relief, Trademark Infringement, Trademark Dilution and Unfair Competition, paragraph by paragraph, as follows:

1. We dispute the use of "illegally and unlawfully using and diluting" in this statement.

2. We do not dispute this statement.

3. Defendants Cathy Stickney and Earl Stickney are both residents of Rhode Island.

4. Sherwood's Enterprises, Inc. is a Rhode Island Corporation incorporated in 1976. Sherwood's Enterprises, Inc. owns the Shell Food Mart at 10 Ten Rod Road in North Kingstown, RI.

5. We do not dispute this statement.

6. We do not dispute this statement.

7. We maintain that we are not using Dunkin's marks illegally, nor are we operating a Dunkin' Donuts location.

8. We do not dispute this statement.

9. We do not dispute this statement.

10. We do not dispute this statement.

11. We do not dispute this statement.

12. We do not dispute this statement.

13. We do not dispute this statement.

14. We do not dispute this statement.

15. We do not dispute this statement.

16. We do not dispute this statement.

17. We do not dispute this statement.

18. We dispute this statement. We maintain that consent is implied by their sale of the product to me at retail and that consent is not required to advertise to the public that my coffee is brewed using their coffee. We would also like to point out that we have never purported to be a Dunkin' Donuts franchise

19. We do not dispute this statement.

20. The colors mentioned in the complaint are not owned by Dunkin Donuts. True, they are similar, but they are not a true representation of Dunkin' Donuts' colors, nor are they meant to be.

21. We do not dispute this statement. We would like to add that the cups, napkins, straws, et cetera were provided to Defendant Karl Aughinbaugh by the retail locations from which he purchased the Dunkin' Donuts coffee beans.

22. We do not dispute this statement. We would like to add that Messrs. Wilson and Jay were also directed to read Defendant Karl Aughinbaugh's disclaimer (Exhibit A.) when they asked if we were a Dunkin Donuts franchise. Defendant Karl Aughinbaugh also asked them to tell him if there was anything he could do to improve the quality of my coffee, or if there was anything he was doing wrong. He also mentioned that if there were any reasonable changes they would like made, he would consider them. They did not respond, except to say that what he was doing was illegal.

23. The goods sold at the Shell station are not materially different from the goods purchased at retail. Defendant Karl Aughinbaugh purchases the Dunkin' Donuts coffee grounds in one pound bag form and finishes them according to the instructions on the side of the bag. Dunkin's established standards for finishing the product are clearly stated on the side of the bag. We even use Spring Water, as Dunkin' recommends this for best results. By following Dunkin' Donuts instructions to the letter, we are subject to Dunkin Donut's established quality standards.

24. Had Messrs. Wilson and Jay not interfered with his dialog with the customer, Defendant Karl Aughinbaugh would have told him that we are not a Dunkin' Donuts franchise and explained that we brew our coffee using Dunkin' Donuts coffee.

25. We do not dispute this statement.

26. We do not dispute this statement. Dunkin' Donuts has represented in legal proceedings since the filing of this complaint that they do not challenge the legality of our brewing their coffee, only the advertising of this fact.

27. We do not dispute this statement.

28. As expressed in our response to point 22 of the complaint, had Dunkin' Donuts told Defendant Karl Aughinbaugh what reasonable changes they wanted made, he would have entertained their suggestions. They did not do this.

29. We do not dispute this statement.

30. We do not dispute this statement.

31. We are not marketing our coffee area as a Dunkin Donuts shop. Defendant Karl Aughinbaugh is trying to advertise the fact that we sell coffee brewed with Dunkin' Donuts coffee and Spring Water. Defendant Karl Aughinbaugh is not trying to confuse the public; he is advertising the Brand Name of the coffee that we brew.

32. We do not dispute this statement.

33. We dispute this statement. We do not misrepresent the origin of the coffee, nor do we mislead any of our customers in any way. If they are confused in any way, Defendant Karl Aughinbaugh explains the facts. Defendant Karl Aughinbaugh was utilizing the Dunkin' marks in addition to the words "brewed with" and "Spring Water" to explain the origin of the chief ingredients in the coffee. As Dunkin' Donuts coffee is exactly what we are brewing, we don't see how it is illegal to tell the public this is so, with or without using Dunkin' marks.

34. We do not dispute this statement.

35. We dispute this statement. By finishing the product according to Dunkin' Donuts instructions, our product is not necessarily materially different from Dunkin' Donuts' coffee. We should be allowed to advertise it as such.

36. We dispute this statement. It is not our intention to be malicious or fraudulent. We do not feel that we have violated the Lanham Act.

37. We dispute this statement. Not only is Dunkin' Donuts not harmed by Defendant Karl Aughinbaugh's actions, they gain from them. He is purchasing their product at retail. They gain financially from this. Karl is brewing their coffee by following their instructions, and is using Spring Water; employing the highest standards possible to ensure that their good name is not tarnished by his actions.

38. We do not dispute this statement. We would like to add that a remedy by law may not be necessary. Defendant Karl Aughinbaugh has repeatedly asked Dunkin' Donuts to suggest reasonable changes to implement. When Messrs. Wilson and counsel suggested he change the size of the fonts used on the newest sign design on June 14, 2007, their changes were implemented within 24 hours on all signs.

39. We dispute this statement in its entirety. We do not purport to be a Dunkin' Donuts shop, nor do we purport to be a Dunkin' Donuts franchise. Our sole intent is to advise and advertise to the public that our coffee is brewed using the plaintiff's coffee and Spring Water.

40. We do not dispute this statement.

41. We do not feel that we are wrongfully using the Dunkin' marks. Also, by purchasing their products at retail, we have paid royalty fees. As Dunkin' franchisees' report their gross sales to Dunkin' Donuts and pay their royalty fees as a percentage of this figure, and as these purchases are included in these gross sales, we have paid royalty fees, albeit indirectly.

42. We dispute this statement. Payment was made at the time Defendant Karl Aughinbaugh purchased their products at retail.

43. We dispute this statement in its entirety. We do not purport to be a Dunkin' Donuts shop, nor do we purport to be a Dunkin' Donuts franchise. Our sole intent is to advise and advertise to the public that our coffee is brewed using the plaintiff's coffee and Spring Water.

44. We do not dispute this statement.

45. We dispute this statement in its entirety. We do not purport to be a Dunkin' Donuts shop, nor do we purport to be a Dunkin' Donuts franchise. Our sole intent is to advise and advertise to the public that our coffee is brewed using the plaintiff's coffee and Spring Water. After a cursory review of the statute, Defendant Karl Aughinbaugh actually found may be illegal not to advertise the brand name of the coffee grounds, as § 6-13.1-1 ¶ 6-xvi of the Rhode Island General Laws defines unfair methods of competition and unfair or deceptive acts or practices as; "Failure to include the brand name and or manufacturer of goods in any advertisement of the goods for sale."