UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.<br><br>Defendants. | C.A. No. 07-201/S |

**DEFENDANT'S REQUEST TO DENY MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS EARL STICKNEY, CATHY STICKNEY AND SHERWOOD'S ENTERPRISES, INC.**

With their most sincere apologies to the court and to the plaintiff, and Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Defendants Earl Stickney, Cathy Stickney, Karl Aughinbaugh, and Sherwood's Enterprises Inc. hereby request that the motion to enter a default judgment put forth by Plaintiff DD IP Holdings LLC be denied for reasons of mistake, inadvertence, and/or excusable neglect as explained in the attached Memorandum. Also attached are Defendants Earl Stickney, Cathy Stickney and Sherwood Enterprises Inc.'s answer to the complaint.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.<br><br>Defendants. | C.A. No. 07-201/S |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S REQUEST TO DENY MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS EARL STICKNEY, CATHY STICKNEY AND SHERWOOD'S ENTERPRISES, INC.**

Earl and Cathy Stickney's failure to respond to the complaint is a result of miscommunication between them and Defendant Karl Aughinbaugh, as well as a lack of understanding of the process. The facts are laid out below:

1. Earl Stickney, although partial owner of Sherwood's Enterprises Inc., is not directly involved in the day to day operation of the business. Earl Stickney was originally served with the complaint on June 6, 2007.

2. Cathy Stickney, partial owner of Sherwood's Enterprises Inc., handles some of the bookkeeping and inventory management for Sherwood's Enterprises Inc. but does not get involved in the day to day operation of the business. Cathy Stickney was originally served with the complaint on June 5, 2007, although she did not realize this until June 29, 2007.

3. Karl Aughinbaugh, in his capacity as General Manager for Sherwood's Enterprises Inc., handles the day to day operation of the business. Karl Aughinbaugh was originally served with the complaint on May

30, 2007, has handled all communication with the plaintiff and plaintiff's representatives, and has been present for all court related matters in regards to this case. Karl Aughinbaugh has responded to the complaint.

4. Cathy Stickney represented to Karl Aughinbaugh on several occasions that the documents that she was served on June 5, 2007 and the documents served to Earl Stickney on June 6, 2007 were not copies of the complaint. It was not until receiving plaintiff's motion to enter a default judgment that Cathy, after carefully reviewing the documents served to her on June 5, 2007, realized that she had indeed been served with the complaint and notified Karl of this.

5. Contrary to the plaintiff's claim, Cathy Stickney represented herself, Earl Stickney, and Sherwood's Enterprises in the settlement conferences held before Magistrate Judge Lovegreen on June 21, 2007 and June 27, 2007 and, as such, is taking an active role in the defense against this complaint. A copy of the Documentation that she was authorized to represent Earl Stickney as well as Earl Stickney's interests in Sherwood's Enterprises is attached as exhibit E.

6. On Monday, June 25, 2007, in conversation with Karl Aughinbaugh, Plaintiff's counsel Jeffery Brenner mentioned that he was awaiting Cathy and Earl's response to the complaint. Karl Aughinbaugh iterated to Mr. Brenner that Cathy had told him that neither she nor Earl had been served with the complaint. Jeffery Brenner insisted that they had. Karl Aughinbaugh told Mr. Brenner that, to be on the safe side, Cathy and Earl had expressed that they would like to use the same answer to the complaint as he had used. Cathy and Earl had previously reviewed Karl's response to the complaint on the same day that it was presented to the court, and agreed with his position on the matters at hand.

7. Because a second settlement conference was scheduled for Thursday, June 28, 2007, Karl Aughinbaugh did not think that it was overly

important to ask Earl and Cathy to submit their written answer as soon as possible. Had Mr. Brenner expressed the importance of receiving the answer right away, Karl would have advised Cathy and Earl that this matter needed immediate attention.

8. Upon receiving the plaintiff's motion to enter a default judgment, Karl Aughinbaugh realized his mistake and did notify Cathy and Earl that their answer was overdue and needed immediate attention.

Cathy Stickney, Earl Stickney, and Sherwood Enterprises Inc.'s response to the complaint is attached. We beg the court's forgiveness for this comedy of errors and ask that the plaintiff's motion to enter a default judgment be denied on the grounds of mistake, inadvertence, and/or excusable neglect on our part.