MOTIVA
ENTERPRISES LLC

**MOTIVA ENTERPRISES LLC**
**Northborough Office**
**12700 Northborough Drive, MS1012**
**Houston, TX 77067**
**Fax: (281) 775-5060**

Retailer #: **524374**
Cost Center #: **139047**

June 21, 2007

**EXPRESS AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**SHERWOODS ENT INC.**
**10 TEN ROD ROAD**
**NORTH KINGSTOWN, RI 02852**

Re: **Notice of Termination**
Lease and Sales Agreement both effective August 1, 2006
Retail Outlet Location: 10 Ten Rod Road, North Kingstown, RI 02852

Dear Retailer:

Please refer to the Retail Facility Lease ("Lease") and Retail Sales Agreement ("Agreement") between you and Motiva Enterprises LLC ("Motiva") covering the above-referenced location ("Retail Outlet").

This notice is to advise you that the Lease, Agreement, and the franchise relationship thereunder are terminated, effective **September 20, 2007**.

The reasons for this termination are as follows:

First, as more fully detailed in Motiva's notice to you of June 6, 2007, you have, without any right or authority, displayed and utilized the signage, trade dress and marks of Dunkin Brands Inc. ("Dunkin") in the conduct of your business at the Retail Outlet. Motiva has been informed that a court ruled that your display and usage is likely in violation of the Lanham Act and issued a preliminary injunction ordering you to immediately remove all Dunkin signage. Though you have removed some signage, other signage utilizing the Dunkin name remains, and Dunkin continues to pursue its case against you.

Second, you have recently painted the Retail Outlet building, walkways, curbs, dispenser island pads and other areas in colors that are not compliant with Motiva's brand standards. Further, recent observations have indicated that you are displaying large glass aquariums on the station premises. In addition to not being compliant with brand standards, such display degrades and harms Motiva's trade dress and image. Motiva's notice to you of June 6, 2007 demanded that you restore the Retail Outlet premises to brand standards compliance within 48 hours. Subsequent to the notice, Motiva's representatives have met with you and counseled you on the steps necessary to make the site compliant. To date, the Retail Outlet has not been re-painted or made compliant, nor have any attempts or efforts to begin such process been instituted.

Third, given the recent behavior of your manager with regard to the Retail Outlet and in response to Motiva's and Dunkin's objections, including his *pro se* defense of the litigation brought by Dunkin, Motiva suspects that an unauthorized assignment of the franchise may have occurred. Such a transfer would be in violation of Article 22 of the Agreement and Article 17 of the Lease. If evidence subsequently surfaces which establishes that such a transfer or any other transfer has occurred, this would provide additional grounds for the termination of the franchise.

Your failure to comply with provisions that are both reasonable and of material significance to the franchise relationship constitutes grounds for termination or nonrenewal under Articles 22(a)(1) and 22(a)(3) of the Agreement, Articles 18(a)(1) and 18(a)(3) of the Lease, and Section 2802(b)(2)(A) of the Petroleum Marketing Practices Act ("PMPA"). Specifically, you are in violation of the following reasonable and materially significant provisions of the Lease and Agreement:

- Agreement Article 5(a): …Retailer must obtain Seller's prior written consent to use Retailer's Station for any use not authorized under this article.
- Agreement Article 5(c): Retailer shall maintain Retailer's Station in accordance with Seller's motor fuel station and associated facilities standards and specifications…including, but not limited to, those relating to architectural design, style, color scheme and layout…
- Agreement Article 7: …Retailer shall undertake no action of any kind that may harm or degrade the Identifications…
- Agreement Article 7(b): …At all times during the term of this Agreement, Retailer shall maintain Retailer's Station in accordance with the Brand Standards, as may be amended by Seller from time to time…
- Agreement Article 17(a): Retailer shall comply with all Laws relating to the Retailer's Station and the business conducted thereon…
- Lease Article 2(a): …Lessee must obtain Lessor's prior written consent to use the Premises for any additional use not authorized under this article…
- Lease Article 6: Lessee shall comply with all Laws, licenses, and permits relating to the Premises or any use thereof…
- Lease Article 9(b): …Lessee may not make any Alterations to the Premises without Lessor's prior written consent…
- Lease Article 12: Lessor, its agents and representatives…may enter the Premises at all reasonable times to…verify Lessee's compliance with this Lease.
- Lease Exhibit B.G: …[for painting] Lessor shall furnish paint that meets Lessor's specifications.

Further, given Motiva's previous written notice and opportunity to cure, your willful inaction constitutes a breach of your obligation to exert good faith efforts to carry out the provisions of the franchise. Termination for this reason is also authorized under the Article 18 (a)(2) of the Lease, Article 22(a)(2) of the Agreement, and Section 2802(b)(2)(B) of the PMPA.

A Motiva representative will contact you to arrange for the surrender of possession of the Retail Outlet on the effective date of termination. However, you must comply with court orders regarding removal of the Dunkin signage, and must return the Retail Outlet to full compliance with Motiva's Retail Visual Identity and other brand standards. Continued operation of the Retail Outlet premises in the current state of noncompliance with Motiva brand standards and the trademark rights of other parties damages the Shell brand in your area to the detriment of Motiva, the Shell brand, and other Shell-branded dealers. Failure to return the Retail Outlet to compliance within thirty days of this notice or failure to comply with any court order may result in acceleration of the effective date of termination. In such circumstances, termination on less than ninety days notice would be reasonable.

Enclosed is a Revised Summary Statement of Title I of the PMPA ("Summary Statement") as prepared by the Department of Energy and published in the June 25, 1996 issue of the Federal Register (61 Fed.Reg. 32786-32790).

Any questions regarding the above should be directed to your Account Manager or Sales Manager. Due to the nature of the subject hereof, these individuals will discuss matters relating to the termination only with the designated owners/key management persons of Retailer, Earl or Cathryn Stickney, and not with any manager or employee of Retailer.

Very truly yours,

Shell Oil Products US
On behalf of
Motiva Enterprises LLC

Charles G. Whitlock
Supervisor Contracts and Incentives

Enclosures