Revised 4/06

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TO: Karl Aughinbaugh, Pro -Se
RE: CA07-201S

DD IP Holder, LLC v Earl Stickney, et al

**ORDER**

I have reviewed your document(s) presented to the Clerk's Office on **7/02/07**, and have made the following determination:

____ I hereby direct the Clerk to file the document(s) in the form in which it was presented to the Court.

✓ Your document(s) are hereby refused and returned to you for the following reason(s):

____ 1. Pleadings, motions, other papers are not signed in accordance with Administrative Procedure 9(c) (Fed. R. Civ. P. 11(a)) (DRI LR Cv 5(a)(5)) (DRI LR Cr 57(a)(4)).

____ 2. Memorandum of law must accompany all motions and objections, with the exceptions of Motions to Compel and Motions to Extend Time. (DRI LR Cv 7 (a)).

____ 3. New cases must be accompanied by:
a) Civil Cover Sheet (DRI LR Cv 5 (b));
b) Summons (Fed. R. Civ. P. 4(a), (b));
c) Filing fee of $350.00 (28 U.S.C. § 1914) or $5.00 for Petitions for Habeas Corpus filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

√ 4. **Papers will not be accepted for filing without a certificate of service. (Fed. R. Civ. P. 5(d)) (DRI LR Cv 5.1(a)(1)) (Fed. R .Crim. P. 49).**

____ 5. Interrogatories and Answers or Objections thereto (Fed. R. Civ. P. 33), Initial Disclosures, Admissions, and Requests for Production, Responses, and Objections (Fed. R. Civ. P. 26(a), 34, and 36) shall NOT be filed with the Court. A party moving to compel (Fed. R. Civ. P. 37 (a)(2)), shall file all pertinent portions of discovery material with the motion and copies (DRI LR Cv 37(a)).

____ 6. All Checks must be made payable to **Clerk, U.S. District Court**.

____ 7. Motion to Appear Pro Hac Vice not in the proper form and/or does not include a check in the amount of $50.00 payable to Federal Board of Bar Examiners. (DRI LR Gen 204(d)).

____ 8. Text of all memoranda in support of motions, objections, and replies shall be double-spaced and typed in at least 12-point font. (DRI LR Cv 7(d)(1) and Cr 47(d)(1)).

____ 9. Any pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties. (DRI LR Cv 5(a)(1).

√ 10. Other: **Pleadings will not be accepted via facsimile**.

ENTER:
[signature]

United States Magistrate Judge

Date: 7/6/07

cc: Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.<br><br>Defendants. | C.A. No. 07-201/S |

**DEFENDANT KARL AUGHINBAUGH'S STATEMENT REGARDING STIPULATION**

I would like it to be known that I have signed this stipulation under duress. I do not agree with the terms set forth within it, but have signed it at the insistence of Cathy and Earl Stickney. They are fully aware of my objections to this stipulation.

I would like to request that Plaintiff's case against me be severed from that of Cathy Stickney, Earl Stickney and Sherwood's Enterprises Inc. for the purpose of a trial by jury involving myself and the plaintiff to determine the legality of using the Dunkin' Donuts name to advertise to the public that coffee brewed using their coffee grounds is sold at a retail establishment, and to prove that Dunkin' Donuts did manipulate my relationship with a third party (Motiva Enterprises AKA Shell) with whom a long time history of discrimination and contempt exists against me in order to force a settlement under unfair terms.

Karl Aughinbaugh

7/2/2007

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DD IP HOLDER LLC<br><br>Plaintiff,<br><br>v.<br><br>EARL STICKNEY, CATHY STICKNEY, KARL AUGHINBAUGH AND XYZ, INC.,<br><br>Defendants. | ) | C.A. No. 07-201/S |

**STIPULATION**

Plaintiff DD IP Holder, LLC ("Dunkin'"), Defendant Earl Stickney, Defendant Cathy Stickney, Defendant Karl Aughinbaugh, and Defendant XYZ, Inc. a/k/a Sherwood's Enterprises, Inc. hereby stipulate to the following:

1. Defendants will stop using the name "Dunkin' Donuts" and any of Dunkin's trademarks, trade dress, service marks, and logos at the Shell gas station and convenience store located at 10 Ten Rod Road, North Kingstown, Rhode Island.

2. Defendants may continue to sell coffee brewed with coffee beans purchased from a Dunkin' Donuts store, but Defendants shall not advertise in any way that the coffee is brewed with coffee beans purchased from a Dunkin' Donuts store.

3. Dunkin' waives any claim for attorneys' fees, costs, and damages that it may have against Defendants.

4. The Dunkin' Complaint is dismissed with prejudice.

Plaintiff,
DD IP Holder, LLC,
By its attorney,

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com
Dated: ~~June 27, 2007~~
JULY 2, 2007

Defendant,
Karl Aughinbaugh,
Pro Se,

Karl Aughinbaugh
10 Ten Rod Road
North Kingstown, RI 02852
Dated: ~~June 27, 2007~~
July 2, 2007

Defendant,
Cathy Stickney,
Pro Se,

Cathy Stickney
382 Ten Rod Road
North Kingstown, RI 02852
Dated: ~~June 27, 2007~~
July 2, 2007

Defendant,
Sherwood E. Stickney,
Pro Se,

Sherwood E. Stickney
329 Hoghouse Hill Road
Exeter, RI 02822
Dated: ~~June 27, 2007~~
July 2, 2007

Defendant,
XYZ, Inc. a/k/a Sherwood's Enterprises, Inc.,
By its President, Sherwood E. Stickney,

XYZ, Inc. a/k/a Sherwood's Enterprises, Inc.
By its President, Sherwood E. Stickney
329 Hoghouse Hill Road
Exeter, RI 02822
Dated: ~~June 27, 2007~~
July 2, 2007